# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0427-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.V.,

     Defendant-Appellant.

_____

         Submitted November 13, 2019 – Decided December 23, 2019

         Before Judges Yannotti and Hoffman.

         On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Accusation No. 15-05-0618.

         Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

         Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a Law Division order entered on July 12, 2018, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Bergen County Accusation Number 15-05-0618 charged defendant with third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). On May 27, 2015, defendant, represented by counsel and pursuant to a negotiated plea agreement, pleaded guilty to making sexually inappropriate remarks and then touching the buttocks of six-year-old E.F.,[1] with the purpose of debauching or impairing her morals. The State recommended a suspended three-year term of imprisonment subject to parole supervision for life (PSL). Defendant completed his plea form and supplemental plea forms pertaining to "Certain Sexual Offenses."

On December 18, 2015, defendant appeared for sentencing. Prior to imposing sentence, the court sought to clarify comments defendant allegedly made during his Avenel evaluation that the crime was "an accident." Defendant disavowed any such comments and re-entered his guilty plea. The court then sentenced defendant to a suspended three-year term of imprisonment, Megan's Law compliance, and PSL.

---

[1] We use initials to protect the identity of the minor child.

A-0427-18T3

Defendant appealed and challenged his sentence on the Excessive Sentence Oral Argument calendar. R. 2:9-11. We affirmed. State v. Vrabel, No. A-2695-15 (App. Div. Sept. 21, 2016).

On February 13, 2017, defendant filed a pro se petition for PCR, alleging he received ineffective assistance of counsel. In a supplemental certification, defendant alleged plea counsel failed to adequately explain the conditions of PSL, and never advised him his conviction could subject him to civil commitment. Defendant sought an evidentiary hearing on his petition.

On July 13, 2018, after hearing oral argument, the PCR court issued a written decision denying defendant's petition without an evidentiary hearing. The court found defendant failed to present a prima facie case of ineffective assistance of counsel as he completed the applicable plea forms, which the court again reviewed with defendant prior to sentencing. The court also found defendant's claim procedurally barred, pursuant to Rule 3:22-4.

This appeal followed, with defendant presenting the following points of argument:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO

INFORM HIM ADEQUATELY OF THE REQUIREMENTS AND CONSEQUENCES OF HIS PLEA, INCLUDING PAROLE SUPERVISION FOR LIFE AND CIVIL COMMITMENT.

POINT II

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS PROCEDURALLY BARRED

Following our review of the record and the applicable law, we affirm the PCR court's decision on the merits, as the record contains no credible evidence supporting defendant's claim of ineffective assistance of counsel. Accordingly, we decline to address the procedural grounds cited by the PCR court as an alternative basis for denying defendant's petition.

Claims of ineffective assistance of counsel are considered under the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test requires a defendant to show that the performance of his attorney was deficient, and counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687.

To meet the first part of the Strickland test, a defendant must establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The

4

defendant must rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.

Moreover, to satisfy the second part of the Strickland test, a defendant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The second prong of the Strickland test also requires a defendant to show that counsel's alleged deficiency caused prejudice. Fritz, 105 N.J. at 52.

We are convinced the PCR court correctly determined that the record failed to present a prima facie case of ineffective assistance of counsel. Defendant completed extensive supplemental plea forms, which informed him that he would be subject to PSL and potentially subject to civil commitment. During the plea colloquy, defendant stated that he 1) read the supplemental forms fully; 2) signed the forms of his own free will; 3) spoke with his attorney about the forms prior to signing them; 4) understood each of the conditions set forth in the forms; 5) understood all of the court's questions regarding the forms; and 6) was satisfied with his attorney.

A-0427-18T3

Defendant cannot take a new position when seeking PCR that so blatantly and inexplicably contradicts his declarations in open court at the time of his plea. See State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) ("Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation."). Further, defendant failed to show that a decision to reject the favorable plea offer would have been rational, but instead offered only a bare assertion that he would have proceeded to trial if his attorney informed him regarding PSL and civil commitment. Therefore, defendant failed to meet either prong of the Strickland test.

We further reject defendant's contention that an evidentiary hearing was required as defendant failed to demonstrate a "reasonable likelihood of succeeding" on his ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462 (1992). Because defendant failed to make out a prima facie case of ineffective assistance of counsel, the PCR court properly ruled on defendant's petition without an evidentiary hearing, and properly denied his petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                          A-0427-18T3